SLOSS-SHEFFIELD STEEL & IRON CO. v. RUSSELL.

(Circuit Court of Appeals, Fifth Circuit.   January 14, 1918.)

No. 3076.

1. MASTER AND SERVANT ⬳281(3)—INJURIES TO SERVANT—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action for personal injuries received by plaintiff, who was caught upon a nail in the axle of a small traveling wheel used on defendant's coal conveyer, evidence *held* sufficient to support a judgment for plaintiff under the instruction which charged that, if the act of plaintiff in getting on the conveyer contributed to the accident, he could not recover.

2. MASTER AND SERVANT ⬳101, 102(1)—INJURIES TO SERVANT—SAFE PLACE TO WORK.

It is the duty of the master to furnish his servant with a safe place in which to work and safe appliances with which to work.

3. MASTER AND SERVANT ⬳228(3)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Employers' Liability Act Ala. (Code 1907, § 3910) subds. 1, 2, declare that, when a personal injury is received by a servant, the master is liable to such servant as if he were a stranger when the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the master, or when the injury is caused by reason of the negligence of any person in the service or employment of the master who has any superintendence intrusted to him whilst in the exercise of such superintendence.   The coal conveyer of defendant, consisting of an endless steel belt resting on small traveling wheels, was unsafe because large nails bent so that they would not fall out were used to hold the wheels in place at the ends of the axles.   The foreman of the master directed plaintiff, the only laborer at work, to do the best he could in removing rock, wood, or other foreign matter which might go into the crusher.   Plaintiff was caught by one of the nails and injured.   *Held*, that the accident fell within the scope of both sections, particularly the latter, and so contributory negligence could not be imputed to plaintiff; defendant's negligence consisting not only of the furnishing of unsafe machinery, but of the negligence of its foreman.

In Error to the District Court of the United States for the Northern District of Alabama;   William I. Grubb, Judge.

Action by Henry C. Russell against the Sloss-Sheffield Steel & Iron Company.   There was a judgment for plaintiff, and defendant brings error.   Affirmed.

John P. Tillman, Lee C. Bradley, and L. C. Leadbeater, all of Birmingham, Ala. (T. A. McFarland and Tillman, Bradley & Morrow, all of Birmingham, Ala., on the brief), for plaintiff in error.

A. Leo Oberdorfer, of Birmingham, Ala. (Beddow & Oberdorfer, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge.   [1] Defendant in error (called plaintiff hereafter) was an employé of the Sloss-Sheffield Steel & Iron Company (hereafter called defendant).   In connection with the operation of

the coal mine of the Company a machine called the "conveyer" or "picking belt," was used in the separation of rock from the coal. This machine, driven by a shaft, is an endless steel belt, divided into two parallel sections about two feet six inches wide, separated by a slate compartment. The conveyer rests upon the axles of small traveling wheels which move along tracks on the sides. The wheels were held in place by cotter pins in the end of the axles. In the construction of this picking belt, the supply of cotter pins becoming exhausted, in their stead were used, as to some of the wheels, twentypenny nails, bent to keep them in place. The belt was protected by a plank or case, which prevented the exposure of the cotter pins or nails, except at one place. The ordinary requirement of the work was the service of about 14 persons, but on the morning of the accident the plaintiff Russell was the only laborer at work. He was directed by the foreman to do the best he could in removing rock or wood or any other foreign matter which might otherwise go into the crusher and damage that machine. It became necessary to remove a block of wood, and Russell got up on the belt and removed it. As he was getting down, or just after he resumed either the original place at which he was at work, or some other place alongside the picker, and at a place where there was no protecting case, his clothing was caught by one of the twentypenny nails, and he was pulled into a space between a post and the conveyer, and was very seriously injured.

The case was tried upon the assumption that the action of plaintiff in getting on the conveyer was negligent, and the trial judge instructed the jury that, if this had anything to do with his injury, they would find against him. The jury, notwithstanding this direction, returned a verdict in his favor. It is now insisted that the evidence is conclusive that getting onto the conveyer caused the accident, and that there was no evidence which would authorize a finding that the action involved in getting off and that which resulted in the accident were separable.

The question is whether the jury had any evidence to warrant the finding necessarily implied in their verdict that plaintiff recovered his position after getting off the conveyer, and that there was an interval before his clothes were caught by the nail, with the resulting injury. Plaintiff's testimony as to this matter was as follows:

"All that time I was on the belt; then when I threw it off I felt my feet getting close to the conveyer, and I slid off of there and straightened completely on my feet, and looked up at the end of the conveyer before I was caught." "I didn't fall off of the conveyer or belt; I slid off. I didn't lose my balance on it." "I turned over on my face and slid off on my feet. Then I looked up at the shaker, and as I looked at the shaker something pulled me." "I would have fallen forward, but I threw my hands down and went a somersault, and my feet went across this way, and I turned over, and I says, 'I am at the bottom; I will get off the conveyer,' and I got off safe and free, and after I got off and looked up into the shaker I was caught." "I turned over and slid off on purpose. It was not an instant after that something caught me; I could not say how long; I don't know what you call an instant; it was not a minute, I am satisfied. If the tick of a clock is a second, it was more than that; I could not say it was two seconds."

Defendant suggests that the federal courts, in applying state laws, do not have to follow the decisions of the state with reference to those matters which depend on general principles of jurisprudence, rather than upon the peculiar laws of a particular state, and suggests that what is known as the "scintilla doctrine" has no recognition in the federal courts. Assuming the correctness of these propositions, their application would not seem to require a reversal of the judgment herein. The charge of the District Judge distinctly and absolutely required the jury to determine whether the act of the plaintiff in getting on the conveyer had anything to do with his subsequent injury. If the jury had concluded that this action upon his part was the proximate cause of the injury, it would have been necessary to sustain their finding. The rule which would have required the sustaining of their verdict in that event will require that the verdict rendered should not be set aside. There is evidence to support the finding. Indeed, if the testimony of the plaintiff be accepted as true, a different conclusion would have been difficult. At all events, the jury has so found, and, in the exercise of his discretion, the District Judge has refused to set aside the verdict.

[2,3] The plaintiff in error insists that, even if the action of plaintiff in getting on the conveyer had nothing to do with the accident, the company is still not liable because of the contributory negligence of the plaintiff. The plaintiff was 62 years of age; he had worked in coal mines and for a time on a locomotive; he had never seen a conveyer before he saw the one by which he was hurt. The conveyer was in the condition when he was hurt that it was at the time of his employment. The employer owed to him the duty of furnishing a safe place in which to work and safe appliances with which to work. His attention was not called to the fact that it was unsafe for him to work at certain places alongside the conveyer, on account of the fact that the wheels were not protected as they were elsewhere, and on account of the fact that twentypenny nails had been used instead of cotter pins in the original construction. The lack of safety inhering in the machinery as primarily constructed and the dangers resulting from a failure to maintain the protecting case were not obvious to an inexperienced hand. According to the statement of the plaintiff, he was working at the point he was directed to work by the superintendent. He was, according to his testimony, at that place when he was injured. While the injury resulted in part from conditions considered in the first paragraph of the Employers' Liability Act, no injury would have occurred to him but for the improper and negligent action of the superintendent, a matter regulated by the second section of the act. The circumstances are such that contributory negligence cannot legally be imputed to the plaintiff.

The judgment is affirmed.